UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, ) | | |
| As Trustee, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | Case no. 08CV02424 JWL DJW | |
| v. ) | | |
| ) | | |
| ALERITAS CAPITAL CORPORATION, ) | | |
| ET AL., ) | | |
| ) | | |
| Defendants. ) | | |

**CONSENT ORDER ESTABLISHING ADMINISTRATIVE PROCESS FOR SPECIAL MASTER'S APPROVAL AND PAYMENT OF PROFESSIONAL FEES AND EXPENSES**

Before the Court is the motion of the Special Master, Albert A. Riederer, seeking an Order establishing an administrative process for the approval and payment of professional fees and expenses. The Special Master's motion is made pursuant to paragraph 13 of the September 17, 2008 Consent Order Appointing a Special Master (Doc. 23) ("Consent Order"), which provides, "Upon notice to all parties in this case, the Special Master may submit a proposed order regarding an administrative process for the approval and payment of professional fees and expenses, consistent with Federal Rules of Civil Procedure 53(g) and this paragraph." Consent Order, ¶13.

The Special Master's motion sets out the elements of such an Order, and the Court notes that counsel for plaintiff have indicated their agreement to them. Counsel for the Special Master has likewise certified that defendant Robert Orr, Aleritas Capital Corporation, Brooke Capital Corporation, Brooke Capital Advisors, Inc., and Brooke Agency Services Company, LLC have

been given notice of the proposed order and its terms, and have likewise indicated their consent the same.  Accordingly, and with the consent of the parties,

IT IS HEREBY ORDERED THAT the following administrative process shall be used for the approval and payment of professional fees and expenses pursuant to the Consent Order in the above-captioned matter:

1. The Special Master shall prepare statements representing his fees and expenses, shall receive statements for fees and expenses from professionals, which statements shall: (a) indicate the amount of professional time spent, the nature of the work done, and the hourly rates changed and (b) indicate in respect of each disbursement for which reimbursement is sought appropriate detail concerning the nature of the disbursement and the amount thereof.  Upon receipt of such statements, the Special Master shall be empowered to immediately disburse funds from the Special Master Estate required to pay 50% of his fees and expenses and those of such professionals, in accordance with paragraph 18 of the Consent Order.

2. Within 24 hours of the Special Master's preparation and receipt of such statements for fees and expenses, the Special Master shall submit the statements to the Court for review along with a request that 50% of the fees and expenses reflected thereon be paid by the Securitization Companies and other lenders in accordance with the provisions of paragraph 18 of the Consent Order.  The Special Master shall simultaneously provide a copy of the request and statements to counsel of record.

3. Any party to this action and/or the Securitization Companies and other lenders required to pay the remaining 50% of professional fees and expenses under paragraph 18 of the Consent Order shall have five business days to object to payment of all or a portion of the remaining 50% of fees and expenses reflected on the statements submitted to the Court by the

Special Master. Any objection filed shall specifically identify the amount of professional fees and expenses objected to, and shall specifically identify the basis for the objection. The Court will set a hearing on any such objections as soon as is practicable.

4. If no objection is filed with the Court, the Securitization Companies and other lenders shall immediately make payment of the remaining 50% of said fees and expenses as provided in paragraph 18 of the Consent Order. Similarly, if the objection is to some but not all of the amounts reflected, any undisputed amounts shall be immediately paid in accordance with paragraph 18 of the Consent Order.

IT IS SO ORDERED THIS 27th DAY OF OCTOBER, 2008.

s/ John W. Lungstrum
UNITED STATES DISTRICT JUDGE

Submitted by:

_____J. Dale Youngs_____
Douglas J. Schmidt           D.Kan #70002
J. Dale Youngs               KS #14445
John J. Cruciani             KS #16883
HUSCH BLACKWELL SANDERS LLP
4801 Main Street
Suite 1000
Kansas City, Missouri 64112
(816) 983-8000
(816) 983-8080 (fax)

Attorneys for Special Master Albert A. Riederer

    /s/ J. Nick Badgerow

| | |
|---|---|
| J. Nick Badgerow | KS #9138 |
| Scott. J. Goldstein | D.Kan #70505 |
| Eric L. Johnson | KS #20542 |

SPENCER FANE BRITT & BROWNE LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, KS 66210


    /s/ Mark G. Stingley

| | |
|---|---|
| Mark G. Stingley | D.Kan #70083 |
| Laurence M. Frazen | D.Kan. #70114 |

BRYAN CAVE LLP
One Kansas City Place
1200 Main Street, Suite 3500
Kansas City, MO 64105

Patrick J. McLaughlin
Todd Pearson
DORSEY & WHITNEY LLP
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402

Mark J. Hyland
Jeffrey M. Dine
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, NY 10004

Attorneys for Plaintiff